PEOPLE ex rel. ANDREWS et al. v. TILBURY et al., Assessors of Town of Owego.

(Supreme Court, Appellate Division, Third Department. September 14, 1910.)

Appeal from Special Term, Tioga County.

Certiorari by the People, on relation of George F. Andrews and Gurdon H. Pumpelly, as executors of the estate of Frederick C. Hewitt, deceased, against Harry B. Tilbury and others, as Assessors of the Town of Owego, Tioga County, N. Y., to review assessments of relators as personal representatives of decedent. From a judgment at Special Term for less than the relief demanded, both parties appeal. Affirmed on opinion of Mr. Justice Lyon at Special Term, for which see 124 N. Y. Supp. 949.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Andrews & Ellis and Wallis & Clifford, for relators.

Fred J. Davis (William Nelson Noble, of counsel), for respondents.

PER CURIAM. Order appealed from affirmed, without costs to either party, on the opinion of Mr. Justice Lyon at Special Term. All concur, except KELLOGG, J., dissenting in memorandum.

JOHN M. KELLOGG, J. (dissenting). By the terms of the will the executors were to convert all the personal property into money and distribute the same among the legatees named. The tax-exempt character of the legatees is entirely immaterial so far as the moneys payable to Mrs. Arnot is concerned, for the reason that prior to July 1st, the day upon which the assessment was made, the legatees had parted with their interest in the $1,200,000, and Mrs. Arnot and those she represented were the only persons beneficially interested therein. The executors held on the day of the assessment a trust fund which contained money and taxable securities in an amount much larger than the amount of the assessment. July 27th, before review day, the executors had actually paid over to Mrs. Arnot the $1,200,000, of which $575,-637.33 was in money, $303,125, in railroad bonds, and the remainder in railroad stocks. The party complaining of the illegality of an assessment must establish the fact. Considering the situation on the day of the assessment and review day, the assessors were justified in saying that the interest held in trust for Mrs. Arnot and the persons she represented was taxable. The receipt given by her indicates clearly that the tax-exempt corporations are not prejudiced by this assessment, and that she is the real party interested. She is apparently using the tax-exempt character of the corporations to escape taxation upon her property. In my judgment the assessment was properly made, and I favor a reversal of the order.